IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LISA R. HENDERSON,            )
                              )
            Plaintiff,        )
                              )
    v.                        )    1:16CV1410
                              )
THE UNIVERSITY OF NORTH       )
CAROLINA AT CHAPEL HILL,      )
                              )
            Defendant.        )

**ORDER**

On June 27, 2018, the Recommendation of the United States Magistrate Judge was filed with the court in accordance with 28 U.S.C. § 636(b) and served on the parties in this action. (Doc. 36.) Defendant University of North Carolina at Chapel Hill ("UNC") filed an objection to the Recommendation (Doc. 39), and Plaintiff Lisa R. Henderson filed a response (Doc. 40).[1]

In its objection, UNC raises two main arguments: (1) Henderson's "uncorroborated self-serving statements" (Doc. 39 at 7) should not be considered by the court and cannot create a material issue of fact for the purposes of summary judgment; and (2), even if the court were to consider all of her statements, Henderson has failed to produce sufficient evidence for the

---

[1] UNC has also filed a reply. (Doc. 41.) Henderson contends that a reply is not permitted by the Federal Rules of Civil Procedure and seeks sanctions. (Doc. 42 at 2.) UNC responds that its reply properly addresses issues newly raised in Henderson's response. (Doc. 43 at 1–3.) Because the reply does not affect the court's ruling, the court need not consider it. In any event, the request for sanctions will be denied.

retaliation claim to survive summary judgment. Neither objection is sufficient to entitle UNC to summary judgment.

First, Henderson's challenged statements can properly be considered for this motion for summary judgment and create a genuine issue of material fact. While UNC cites a number of cases in support of the general proposition that self-serving statements and conclusory allegations, without corroboration, are not probative in certain contexts when considering whether summary judgment is proper, these cases are distinguishable. (Doc. 39 at 3-4.) In each of these cases, the challenged statements either lacked corroborating evidence or were vague, conclusory remarks about the plaintiff's perceived qualifications. <u>Evans v. Techs. Application & Servs. Co.</u>, 80 F.3d 954, 962 (4th Cir. 1996) (excluding portions of plaintiff's affidavit, relating to her own qualifications and those of her colleagues, as conclusory); <u>Mackey v. Shalala</u>, 360 F.3d 463, 469-70 (4th Cir. 2004) (noting that "[a] plaintiff's own self-serving opinions, absent anything more" are insufficient to overcome summary judgment); <u>Williams v. Giant Food Inc.</u>, 370 F.3d 423, 433 (4th Cir. 2004) (finding that "a self-serving opinion . . . cannot, absent objective corroboration, defeat summary judgment"); <u>Small v. N.C. A&T State Univ.</u>, No. 1:13CV248, 2014 WL 4105406, at *10-13 (dismissing retaliation claim because the conclusory allegations, self-serving deposition, and affidavit presented by plaintiff were unsupported, and noting

2

that affidavits must be based on personal knowledge); Berglund v. Royal Indem. Co., No. 3:95-CV-510-MU, 1997 U.S. Dist. LEXIS 12344, at *22 (W.D.N.C. 1997) (noting that a plaintiff's own self-serving deposition, asserting his qualification for a position he did not receive, is insufficient to establish a prima facie case); Harris v. Home Sales Co., 499 F. App'x 285, 294 (4th Cir. 2012) (noting that a court should not "find a genuine dispute of material fact based solely on [the non-movant's] self-serving testimony," but considering the allegation that a defendant used a racial epithet that only the plaintiff could remember hearing in denying an claim of racial discrimination); Nnadozie v. Genesis Healthcare Corp., No. 17-1272, 2018 U.S. App. LEXIS 9644, at *19-20 (4th Cir. 2018) (affirming dismissal of retaliation claim because plaintiff's own uncorroborated self-serving statements are insufficient to survive summary judgment); Hawkins v. PepsiCo, Inc., 203 F.3d 274, 281 (4th Cir. 2000) (affirming summary judgment on discrimination and retaliation claims and finding that plaintiff's self-serving statements about her own performance were insufficient to create genuine issue of material fact); Collier v. Charlottesville Sch. Bd., 218 F. App'x 244, 245-46 (4th Cir. 2007) (dismissing retaliation claim where employee relied on "unsubstantiated assertions" and one letter of commendation to establish pretext).

Here, Henderson's challenged statements involve specific complaints that she made to her Human Resources ("HR") staff about

3

her supervisor, Darius Dixon, which are corroborated by Henderson's interactions with HR, and Dixon's own statements demonstrating that he was aware that Henderson had made complaints to HR about him. While Henderson's statements favor her claims, they are not the type of self-serving statements found to be insufficient to resist a motion for summary judgment, but rather constitute her testimony about what she claims Dixon said and did. As such, the challenged statements may appropriately be considered.

Second, Henderson has produced sufficient evidence for her retaliation claim to survive summary judgment. As the Recommendation correctly notes, she need only show that she complained of an action that was wrongful, or that she reasonably believed was wrongful, that her employer took an adverse action against her, and that her complaint was the "but-for" cause of the adverse employment action. (Doc. 36 at 9–11.) Here, there is evidence that Henderson complained to HR about Dixon expressing an interest in her body and living arrangements that made her uncomfortable and that, during a meeting with HR concerning Dixon's behavior, she mentioned that she had been the victim of sexual violence in the past. This evidence, viewed in the light most favorable to Henderson (as it must be at this stage), supports Henderson's claim that she complained to HR about conduct of Dixon's which she reasonably believed to be sexual harassment.

4

DeMasters v. Carilion Clinic, 796 F.3d 409, 417 (4th Cir. 2015) (noting that "the threshold for oppositional conduct is not onerous" and that "'[w]hen an employee communicates to her employer a belief that the employer has engaged in . . . a form of employment discrimination, that communication virtually always constitutes the employee's *opposition* to the activity.'") (quoting Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn., 555 U.S. 271, 276 (2009)) (emphasis in original).

Here, it is undisputed that Henderson's firing would constitute an adverse employment action. Further, Dixon made statements that he fired Henderson because he could not trust her to be his executive assistant, as he "had to be aware of what [he] was saying at all times;" that he was concerned that she was going to bring a complaint to HR about him; and that he "couldn't help but be aware" that she made complaints to HR about him in the past. (Doc. 34-3 at 4.) There is also evidence that Dixon commented to Henderson about her traveling home on the weekends to be with her husband, that such travel was causing "wear and tear on her body," and that he initiated a closed-door inquiry with her about her living arrangements. (See Doc. 36 at 12.) To the extent UNC disputes any of these statements, it raises a quintessential credibility question for a fact-finder. But it is not this court's prerogative to discard them because they serve the Plaintiff's interest in the present context. And while UNC argues that

Henderson was fired because of her conduct, emphasizing probationary status and problems with her performance, Dixon's comments connecting Henderson's firing to her HR complaints suffice to support her claim that UNC's proffered reasons for firing her were pretextual and that she would not have been fired but for her complaints to HR.

Having reviewed the portions of the Magistrate Judge's report to which objection was made, and having conducted a *de novo* determination, the court agrees with the Recommendation of the Magistrate Judge, which is ADOPTED.

IT IS THEREFORE ORDERED that that Defendant's Motion for Summary Judgment (Doc. 32) is DENIED.

/s/ Thomas D. Schroeder
United States District Judge

August 17, 2018